WILLIAM SIGOURNEY *vs.* ABIEL W. WILLIAMS & another, Executors.

A certificate of discharge, granted to an insolvent debtor, whose assets do not pay fifty per cent. of the claims proved against his estate, with the assent in writing of a majority of his creditors, pursuant to *St.* 1848, *c.* 304, § 9, is subject to the reservation of *St.* 1838, *c.* 163, § 7, that no discharge of any debtor under the insolvent law shall release or discharge any other person liable for the same debt.

WRIT OF REVIEW. The original action was assumpsit, commenced in the court of common pleas on the 3d of November 1851, by the defendants in review, as executors of the will of Abiel Williams of Dudley, against William Sigourney and Charles Wood, partners under the firm of Sigourney & Wood, on a note of hand made by them to Abiel Williams. Sigourney was defaulted, and the plaintiffs, at August term 1852, discontinued against Wood, and took judgment against Sigourney alone.

On the 15th of December 1851, Wood, individually, and as a member of the firm of Sigourney & Wood, petitioned for the benefit of the insolvent laws, and on this petition a warrant was issued, and notice thereof published on the 16th of December; and Wood, on the 16th of July 1852, received from the commissioner of insolvency a valid discharge from all his individual and partnership debts. His assets did not pay fifty per cent. on any of the claims proved against his estate; but all the creditors of the partnership, and a majority in number and value of the creditors who had proved their claims against the estate of Wood as an individual, assented in writing to his discharge. In order to make such majority, it was necessary to include the note in suit, and the executors of Williams, knowing that fact, assented in writing to Wood's discharge. Sigourney contended that this discharge furnished a good defence to the action; and the parties submitted the case to the decision of the court on the facts above stated.

*F. Wayland, Jr.* for the plaintiff in review. The assent in writing of the defendant in review to the discharge of Wood

and the certificate of discharge granted to him by the commis-- sioner in consequence of such assent, operate as a release of both partners from their liability on the note. *Shaw* v. *Pratt*, 22 Pick. 309. *Walker* v. *McCulloch*, 4 Greenl. 426. The *St.* of 1848, *c.* 304, § 9, under which this discharge was obtained, does not contain the same provision as *St.* 1838, *c.* 163, § 7, "that no discharge of any debtor under this act shall release or discharge any person who may be liable for the same debt, as a partner, joint contractor, indorser, surety, or otherwise, for or with the debtor."

*C. Allen & F. H. Dewey,* for the defendants in review, were stopped by the court.

SHAW, C. J. The discharge in insolvency of Wood was obtained under *St.* 1848, *c.* 304, § 9, which is one of the acts in addition to the insolvent law of 1838, *c.* 163, and did not repeal that part of the original act, which declares the force and effect of a discharge. The terms of the original act, § 7, clearly and expressly show that the discharge of Wood did not discharge his partner Sigourney. It is true, that, as Wood's assets did not pay fifty per cent. of the claims proved against his estate, he would not have been entitled to a discharge, without the assent of the majority of his creditors, and that the commissioner could not lawfully have granted him a discharge, without such assent. But it does not follow that this discharge derives its whole force and effect from the assent, and operates like a technical release of Wood, under seal. It was an assent that Wood should receive a discharge under the insolvent law, having the force and effect given to such a discharge by the law, which is a discharge of the individual debtor, expressly reserving the liability of any partner or surety. Whether therefore the discharge was obtained by the consent of the creditors, or without, it was a discharge obtained pursuant to law, having the effect given it by law, and no more — to discharge the individual, but not to discharge his partner. And although the creditors might legally have refused their assent, yet this would have been an unjustifiable exercise of their power, if they were satisfied that the debtor had in all respects conformed to the law, made a full disclosure of his property, and done no improper act.

*Judgment for the defendants in review.*